**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
**Norah Van Dusen**, OSB No. 180114
Email: norah@lmhlegal.com
**Sara Long**, OSB No. 224433
Email: saralong@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Rebecca J. Roe**, WSBA No. 7560
Email: roe@sgb-law.com
**Hong Jiang**, WSBA No. 51914
Email: jiang@sgb-law.com
**Benjamin C. Gauen**, WSBA No. 41815
Email: gauen@sgb-law.com
Schroeter Goldmark & Bender
401 Union Street, Suite 3400
Seattle, Washington 98101
Telephone: (206) 622-8000
Facsimile: (206) 682-2305
*Applications for Pro Hac Vice Forthcoming*

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| T.L.W., <br><br> Plaintiff, <br><br> vs. <br><br> OREGON YOUTH AUTHORITY, MARCIA ADAMS, FARIBORZ PAKSERESHT, DAN BERGER, AND UNKNOWN STAFFERS #1-15, <br><br> Defendants. | Case No. 6:26-cv-00424 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

COMPLAINT - 1
(Case No. 6:26-cv-00424)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

## NATURE OF ACTION

The Oregon Youth Authority ("OYA") employed Dr. Edward Gary Edwards for more than four decades as the primary physician at the MacLaren Youth Correctional Facility ("MacLaren") in Woodburn, Oregon. During that time, Edwards abused hundreds, perhaps thousands, of vulnerable young men under the guise of providing medical care. One of his victims is the Plaintiff in this lawsuit.

Plaintiff was incarcerated at MacLaren between 2016 and 2023 and received one "medical examination" from Edwards. During this "exam," Edwards subjected Plaintiff to genital touching, including fondling, masturbation, and anal digital penetration. This conduct was medically unnecessary and sexually motivated.

Because Edwards was a doctor and the exams took place in the MacLaren medical clinic, Plaintiff did not perceive Edwards' conduct as abusive at the time.

News broke in March 2025 of Edwards' predatory abuse that spanned decades and OYA's knowledge of complaints from youth and parents, suggesting that successions of officials had engaged in deliberate cover ups for years. It was not until then or afterwards that Plaintiff learned of the extent of the abuse and OYA's responsibility in allowing it to continue unabated for over 40 years.

Individual Defendants in this case are the former OYA Director and MacLaren Superintendent, whose acts (and failures to act) enabled Edwards' abuse to persist for decades, including from 2016 to 2023 when Plaintiff was in their care. The individual Defendants' actions deprived Plaintiff of his fundamental rights.

This action is brought pursuant to 42 U.S.C. § 1983 for the violation of Plaintiffs civil rights and under the Oregon Tort Claims Act for negligence.

COMPLAINT - 2
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

# PARTIES

1. Plaintiff T.L.W. is, and at all relevant times was, a resident of the state of Oregon. He is proceeding under his initials.

2. Defendant MARCIA ADAMS was the assistant Director of Health Services at OYA starting in 2011, the OYA supervising physician in 2017, and Director of Health Services in 2018. She remains in that position currently. She was Edwards' supervisor from 2017 until he resigned. All conduct alleged below occurred within the course and scope of her employment with OYA. Defendant Adams is sued in her individual capacity.

3. Defendant FARIBORZ PAKSERESHT was the Director of OYA from 2012 through 2017. As the Director, he was employed by OYA, a state administrative agency, and acting under color of state law. All conduct alleged below occurred within the course and scope of his employment with OYA. Defendant Pakseresht is sued in his individual capacity.

4. Defendant DAN BERGER was employed as the Superintendent of MacLaren from 2014 through 2025. As the Superintendent, he was employed by OYA, a state administrative agency, and acting under color of state law. All conduct alleged below occurred within the course and scope of his employment with OYA. Defendant Berger is sued in his individual capacity.

5. Based on information and belief, UNKNOWN STAFFERS #1-15 are current or former employees of OYA, a state administrative agency, and were acting under color of state law. Their identities are currently unknown to Plaintiff. UNKNOWN STAFFERS #1-15 were aware of reports and indications that Edwards posed a danger of sexual abuse to youth in OYA custody. All conduct alleged below occurred within the course and scope of their employment with OYA. They are sued in their individual capacities.

COMPLAINT - 3
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

6. Edward Gary Edwards was employed by OYA, a state administrative agency, as a physician and was acting under color of state law. As discussed below, Edwards engaged in intentional conduct resulting in one or more of the following: mental injury, rape, sexual assault, and/or sexual exploitation of Plaintiff as those terms are defined in ORS 12.117 or ORS 12.115. All conduct alleged herein occurred within the course and scope of his employment with OYA.

7. The OYA is the state agency that operates MacLaren. Under the Oregon Tort Claims Act, it is subject to liability for the torts of its officers, employees, and agents acting within the scope of their employment or duties.

## GENERAL ALLEGATIONS

*"Doctor Cold Fingers"*

8. In 1977, Edwards started working for OYA as a pediatrician providing medical examinations, diagnoses, and treatment to youth incarcerated at MacLaren. On information and belief, Edwards was named chief medical officer at MacLaren in 1997.

9. On information and belief, Edwards was the primary medical provider at MacLaren through at least 2017. He was the only doctor working on site full-time at MacLaren during those years and oversaw medical care for all youth at MacLaren. OYA required every youth who entered MacLaren to participate in an initial intake examination, periodic physicals, and to receive medical care at the MacLaren clinic. MacLaren's medical clinic was the youths' only on-site source of medical care, and, as a result, all youth were required to have some level of physical contact with Edwards for anything from a sore throat to a broken bone.

10. Edwards was infamously known as "Dr. Cold Fingers" by youth and staff for abusively touching detained youth—specifically young boys and men—with ungloved hands during exams. The abusive touching included digitally penetrating their anuses; stroking or

COMPLAINT - 4
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

masturbating their penises; and fondling their testicles. This abuse occurred during intake exams, follow-up physicals, and other medical visits. These encounters occurred in Edwards' exam room when no nurse or chaperone was required by OYA to be present.

11. MacLaren staff made jokes about Edwards, and some corrections officers weaponized medical visits by threatening to send youth to "Dr. Cold Fingers" for disobeying staff directions. Youth who balked at Edwards' exams were threatened with "the hole" if they persisted in resisting.

12. On occasion, Edwards resorted to physical force when youth declined medical care.

13. Other staff members glossed over youths' reports or complaints about Edwards by explaining that he was a doctor and therefore he knew what he was doing.

14. Older adjudicated youth frequently warned newly arrived boys about Edwards.

15. As early as 1999, and repeatedly after that, multiple youth reported Edwards to MacLaren staff, including counselors. Staff and administrators at OYA took no action to protect youth from Edwards' sexual abuse; instead, OYA allowed the abuse to continue unabated in plain sight.

16. OYA empowered Edwards to perform the duties of a doctor and knew that he was in a position of authority, power, and trust over the youth at MacLaren, including Plaintiff. OYA retained the right to control the delivery of appropriate medical care, including the exam procedures used, proper patient privacy protections, the presence or absence of chaperones during medical exams, medical charting procedures, and reporting procedures for complaints from youth patients. Yet in the face of multiple complaints by multiple youth and widespread knowledge of Edwards' reputation—including his disturbing nickname—OYA failed to take even minimally

COMPLAINT - 5
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street • Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

protective steps, such as requiring a chaperone during "exams" or consulting with other medical professionals about the necessity of Edwards' invasive "procedures."

17.     OYA's failure to act caused Plaintiff to believe that Edwards' behavior was standard medical care.

***OYA's Knowledge of Problems with Edwards***

18.     Defendants in this case knew or should have known that OYA has a long history of turning a blind eye to reports of staff sexually abusing youth at its facilities by failing to investigate reports of abuse, properly train staff, and implement or properly follow policies that would protect youth from sexual abuse by staff.

19.     Despite this knowledge, and even when faced with credible information that Edwards was engaging in inappropriate behavior with youth at MacLaren, Defendant Directors, Superintendents, and staff failed to take even minimal steps to address the issue. For example, Defendants failed to:

   a. Question or investigate why the only full-time doctor on staff at MacLaren was referred to as "Dr. Cold Fingers";

   b. Investigate complaints and concerns of youth and staff;

   c. Consult with any outside agency or resources regarding the medical necessity or appropriateness of the medical exams Edwards performed;

   d. Report Edwards' conduct to law enforcement;

   e. Report Edwards' conduct to Oregon Department of Human Services (ODHS);

   f. Report Edwards' conduct to the Oregon Medical Board or other supervisory agencies;

   g. Increase supervision of youth during encounters with Edwards;

COMPLAINT - 6
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA  98101
Phone (206) 622-8000 ● Fax (206) 682-2305

    h.   Educate staff regarding appropriate behavior between a doctor and a youth patient;

    i.   Implement a functional grievance system;

    j.   Track grievances or complaints regarding Edwards specifically; and

    k.   Investigate grievances, including resolving founded investigations with appropriate discipline, such as terminating Edwards' employment.

20. Indeed, despite credible, repeated concerns about Edwards, Defendants continued to promote him throughout his tenure at MacLaren, further indicating to the youth at MacLaren that OYA administration and staff approved of Edwards' conduct and viewed it as acceptable behavior from a medical professional.

### *PREA Standards*

21. When Congress passed the Prison Rape Elimination Act ("PREA") in 2003, it included standards to substantially reduce the risk of sexual abuse, harassment, and exploitation of youth in custody.

22. Individual OYA Defendants were aware of the requirements of the PREA Standards for Juvenile Facilities.

23. OYA adopted policies with respect to sexual abuse of youth that are designed to implement the PREA standards.

24. In 2005, OYA adopted its own "zero-tolerance" policy toward sexual abuse and harassment in its youth facilities, aligning its practices with PREA principles even before the federal standards were finalized.

25. In 2006, OYA created a Professional Standards Office ("PSO") to investigate allegations of sexual abuse and sexual harassment—a significant early implementation step toward PREA compliance.

COMPLAINT - 7
(Case No. 6:26-cv-00424)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street • Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

26. In 2009, OYA established a full-time PREA coordinator in the PSO and requested and received technical assistance from the National Institute of Corrections and the Moss Group to assess OYA's compliance with PREA standards. In response to recommendations from these groups, OYA updated its zero-tolerance policy in 2010 and designated a Sexual Assault Response Team in every close-custody facility and parole/probation office to address the medical and mental health needs of victims of sexual abuse.

27. Defendant Pakseresht failed in his obligation to supervise, direct, and/or manage the PSO to ensure (i) staff had proper training, including how to maintain PREA compliance; (ii) adequate staff to complete investigations; (iii) complaints were timely investigated and completed; and (iv) staff appropriately responded to PSO investigations, including reporting cases to the state police, disciplining OYA staff, and/or taking other remedial actions to prevent future abuse.

28. Despite OYA's well known history of allowing the sexual abuse of youth in its care, individual Directors failed to ensure that OYA followed its own policies designed to protect youth, such as Plaintiff, from sexual abuse by staff such as Edwards.

29. Defendants Pakseresht and Berger were responsible for ensuring MacLaren's compliance with PREA and for enacting and enforcing OYA policies to implement PREA standards at MacLaren, including appointing a PREA Compliance Manager ("PCM") to coordinate the facility's compliance efforts.

30. Defendants Pakseresht and Berger had an obligation to ensure that staff strictly adhered to PREA standards and OYA's own policies designed to prevent sexual abuse of youth by staff, including ensuring that staff reported any suspicion of sexual abuse to the PCM.

31. By failing to ensure that OYA's policies to prevent, investigate, and respond to sexual abuse were followed or enforced at MacLaren, and by ignoring credible information that

COMPLAINT - 8
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

Edwards was engaging in sexual abuse of youth under the guise of medical care, Defendants Pakseresht and Berger consciously disregarded widespread sexual abuse of youth in their care.

32. On March 13, 2025, Oregon Department of Administration Services ("DAS") released an Investigation Report ("DAS Report") regarding allegations of mismanagement and governmental misconduct at OYA.

33. The DAS Report uncovered evidence that during an audit of the PSO, "[s]everal current and past OYA employees of the PSO allegedly reported . . . problems with the youth cases to OYA administrators (past and present). These reports were allegedly met with an apathetic or passive response to the associated safety concerns of youth in custody."[1]

## ABUSE OF T.L.W.

34. T.L.W. is 26 years of age. In 2016, when he was 16 years old, he was convicted in adult court and committed to the care and custody of OYA. OYA placed him at MacLaren.

35. Soon after his arrival at MacLaren, T.L.W. was forced to undergo a physical examination with Edwards.

36. Edwards fondled T.L.W's penis and testicles, digitally penetrated his rectum, and masturbated him during the "medical exam."

37. T.L.W. was embarrassed and ashamed at the time and believed it was his own fault that he obtained an erection during the exam. He assumed that Edwards' conduct was appropriate medical care. He did not discuss Edwards' conduct with anyone at MacLaren.

38. T.L.W. did not learn about Edwards' other victims until March or April of 2025. When T.L.W. learned about Edwards' other victims, he realized Edwards' conduct did not constitute appropriate medical care but was in fact abusive.

---

[1] Oregon Dep't of Admin. Servs. Investigation Report, Case No. 123520 at 7.

COMPLAINT - 9
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

39. It was also at that time that T.L.W. became aware of Edwards' widespread abuse and OYA's tortious conduct of knowing and allowing Edwards' abuse to continue for decades.

40. T.L.W. has suffered emotional distress due to Edwards' abuse, including shame and embarrassment. He is reluctant to obtain appropriate and necessary medical care because of his anxiety and fear of medical professionals. T.L.W. continues to realize and struggle with the impact of Edwards' conduct.

41. Notice of this lawsuit is not required because Plaintiff was under 18 at the time of the abuse and is currently under 40. However, notice was provided on or around September 3, 2025.

## FIRST CLAIM FOR RELIEF
## 42 USC § 1983 – Civil Rights Violation
### (Cruel and Unusual Punishment - Violation of 8th Amendment)
(Plaintiff Against All Individual Defendants)

42. Plaintiff realleges and incorporates herein paragraphs 1 through 41.

43. All individual Defendants were working within the course and scope of their employment at the OYA when they engaged in the wrongful conduct alleged above.

44. Edwards and all individual Defendants were acting under color of state law.

45. Edwards and all individual Defendants were working as staff members or employees of a youth correctional facility.

46. Plaintiff was confined to MacLaren following a conviction in adult criminal court at the time he was abused by Edwards as alleged above.

*Edwards*

47. Edwards touched Plaintiff in a sexual manner without legitimate penological or medical justification or purpose.

COMPLAINT - 10
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

48. Edwards touched Plaintiff in a sexual manner that was not reasonably related to any legitimate government objective.

49. Edwards acted for his own sexual gratification.

50. Edwards' sexual abuse of Plaintiff constituted a substantial departure from professional judgment, practice, or standards.

51. Edwards failed to provide for Plaintiff reasonable safety while confined in OYA facilities by repeatedly engaging in predatory sexual conduct with Plaintiff.

***Individual Defendants***

52. Defendants Adams, Pakseresht, and Berger created the conditions at MacLaren under which Edwards' sexual abuse of Plaintiff was possible.

53. Those conditions put Plaintiff at substantial risk of suffering serious harm, namely, the risk that Plaintiff would be sexually abused by Edwards.

54. Defendants Adams, Pakseresht, and Berger failed to take reasonable available measures to abate the risk that Plaintiff would be sexually abused by Edwards.

55. Defendants Adams, Pakseresht, and Berger, in failing to act to protect Plaintiff from sexual abuse by Edwards, failed to provide for Plaintiff's reasonable safety.

56. Defendants Adams, Pakseresht, and Berger failure to take reasonable available measures, as alleged above, constituted a substantial departure from professional judgment, practice, or standards and served no penological justification.

57. In so doing all of the above, given the history at OYA, Defendants Adams, Pakseresht, and Berger evinced deliberate indifference to Plaintiff's right to be free from sexual contact with Edwards and constituted wanton and unnecessary infliction of harm.

COMPLAINT - 11
(Case No. 6:26-cv-00424)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

58.　　No Defendants took reasonable, appropriate, and legally mandated steps to stop Edwards' sexual abuse from occurring.

59.　　Pursuant to 42 § USC §1988, Plaintiff is entitled to recover reasonable and necessary attorneys' fees and costs incurred in the prosecution of this action.

## SECOND CLAIM FOR RELIEF
### Sexual Battery of Child – Respondeat Superior
### (Plaintiff Against Defendant OYA)

60.　　Plaintiff realleges and incorporates herein paragraphs 1 through 41.

61.　　While acting in the course and scope of his employment for Defendant OYA, Edwards engaged in harmful and offensive touching of Plaintiff to which Plaintiff did not or could not consent, including groping his genitals and digitally penetrating his rectum, as set out specifically above.

62.　　Acts within the course and scope of Edwards' employment with Defendant OYA led to or resulted in the sexual batteries and exploitation of Plaintiff.

63.　　As a direct result of Edwards' sexual batteries and exploitation, Plaintiff has incurred economic and noneconomic damages as set out more fully above.

64.　　Defendant OYA is vicariously liable for the sexual batteries and exploitation by Edwards. Therefore, Plaintiff is entitled to compensatory damages from Defendant OYA in an amount to be determined by a jury.

## THIRD CLAIM FOR RELIEF
### Negligence under OTCA
### (Plaintiff Against Oregon Youth Authority)

65.　　Plaintiff realleges and incorporates herein paragraphs 1 through 41.

COMPLAINT - 12
(Case No. 6:26-cv-00424)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

66. Defendant OYA, acting through its agent and/or employees, was negligent and at fault in one or more of the following ways:

    a. Failing to adequately investigate reports of inappropriate conduct by Edwards;

    b. Failing to ensure staff monitored interactions between Edwards and youth;

    c. Failing to train, enforce, or implement PREA standards designed to detect, prevent, stop, and/or investigate sexual misconduct of youth by staff;

    d. Failing to train, enforce, or implement OYA policies designed to detect, prevent, stop, and/or investigate sexual misconduct of youth by staff;

    e. Failing to investigate why Edwards was generally known by staff and youth as "Dr. Cold Fingers";

    f. Ignoring continuing and credible complaints from youth about ongoing sexual misconduct by Edwards;

    g. Failing to report Edwards' abuse to ODHS; and

    h. Failing to complete investigations so that complaints could reach adjudication and findings could be reported or disclosed to OYA leadership to ensure proper discipline (including reporting to law enforcement), training, and/or remediation.

67. The above acts and omissions not only failed to prevent the known risk of staff subjecting youth to sexual abuse, but also actively allowed such misconduct to continue unabated for decades.

68. These acts and omissions constituted a substantial deviation from the standard of care owed to Plaintiff and caused harm to him.

COMPLAINT - 13
(Case No. 6:26-cv-00424)

LEVI MERRITHEW HORST PC
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

SCHROETER, GOLDMARK & BENDER
401 Union Street ● Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 ● Fax (206) 682-2305

## NOTICE OF POTENTIAL CONSTITUTIONAL QUESTION

69. As to any claim for relief, to the extent that any of the Defendants seek to reduce any compensatory damage verdict in favor of Plaintiff on the basis of statutory damages limits from former ORS 30.270 (repealed in 2009), Plaintiff avers that such damages limits are constitutionally inadequate as applied to this case.

## DAMAGES

70. As a direct and proximate result of the conduct of Defendants, Plaintiff suffered economic and noneconomic damages, including:

    a. Mental and emotional injury; and

    b. Loss of Plaintiff's civil rights to be free from sexual contact by staff members while incarcerated at a youth correctional facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this Court will enter a Judgement in their favor, and against Defendants, as follows:

    a. Grant Plaintiff compensatory damages against Defendant in an amount to be determined at trial;

    b. Award Plaintiff reasonable costs, expenses, and attorney fees; and

    c. Grant Plaintiff such further relief as this Court deems just and equitable under the circumstances.

DATED this 4th day of March, 2026.

LEVI MERRITHEW HORST PC

s/ Jesse Merrithew
JESSE MERRITHEW, OSB #074564
NORAH VAN DUSEN, OSB #180114
SARA LONG, OSB #224433

COMPLAINT - 14
(Case No. 6:26-cv-00424)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street • Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305

610 SW Alder Street, Suite 415
Portland, OR 97205-3605
Tel: (971) 229-1241
Email: jesse@lmhlegal.com
      norah@lmhlegal.com
      saralong@lmhlegal.com
SCHROETER GOLDMARK & BENDER

s/ Rebecca J. Roe
REBECCA J. ROE, WSBA #7560
HONG JIANG, WSBA #51914
BENJAMIN C. GAUEN, WSBA #41815
401 Union Street, Suite 3400
Seattle, WA 98101
Tel: (206) 622-8000 | Fax: (206) 682-2305
Email: roe@sgb-law.com
      jiang@sgb-law.com
      gauen@sgb-law.com

*Counsel for Plaintiff*

COMPLAINT - 15
(Case No. 6:26-cv-00424)

**LEVI MERRITHEW HORST PC**
610 SW ALDER ST. SUITE 415
PORTLAND, OR 97205
T: 971.229.1241 | F: 971.544.7092

**SCHROETER, GOLDMARK & BENDER**
401 Union Street • Suite 3400
Seattle, WA 98101
Phone (206) 622-8000 • Fax (206) 682-2305